LUMAN COWLES AND ANOTHER *vs.* JOSEPH L. DAY.

In an action on the case under the statute (Rev. Stat., tit. 1, § 283,) for the fraudulent removal and concealment of property by a debtor so that it could not be found to be attached, it is no defense that the debtor has since made an assign-

ment in insolvency, so that the title to the property concealed or removed would be vested in the trustee and no longer in the debtor; nor that the debtor has been examined before the court of probate as to whether he had in his possession any property of the assigned estate and found to have had none.

Nor is it necessary for the plaintiff to get out an attachment against the debtor and have search made for property upon it before bringing suit.

The statute provides for the setting out of the debt as well as the fraudulent acts in the declaration; and although a greater sum than the debt may be recovered, where there is reason for increased damages, yet the damages should never be less than the debt. In ordinary cases the debt should be the rule of damages.

The statute was originally enacted at the same time with the enactment of the law abolishing imprisonment for debt; and its object was to continue that remedy against fraudulent debtors.

ACTION on the case, under the 283d section of the act with regard to civil actions. (Rev. Stat., tit. 1.) The declaration was as follows:—

"In a plea of trespass on the case, whereupon the plaintiffs declare and say, that on the first day of June, 1860, the defendant was indebted to the plaintiffs, for goods sold and delivered, in the sum of three hundred and fifty dollars, but that the defendant, though having money and means not exempt from execution sufficient to discharge said indebtedness, then wholly refused to do so, though on that day thereto requested; and on the same day, with intent to prevent the plaintiff from taking by legal process the property hereinafter described, and thereby securing the payment of said debt, fraudulently conveyed away, assigned and transferred certain goods and chattels, to wit, a large amount of drugs and medicines, alcohol and camphene, and books, of the value of five hundred dollars, to some person or persons unknown to the plaintiffs; and fraudulently concealed and withheld certain goods which he then had in his hands, of the value of five hundred dollars, so that they could not be taken by legal process; and fraudulently refused to disclose, though required to do so, various choses in action, of greater amount and value than sufficient to pay said debt, against various persons to the plaintiffs unknown, with intent to prevent their being taken on foreign attachment. The plaintiffs further say that said debt is still due, and that said defendant neglects and refuses to pay said debt. All which is to the damage of the plaintiffs

the sum of three hundred and fifty dollars, to recover which, with just costs, this suit.is brought."

The case was tried to the jury in the superior court on the general issue, before *McCurdy, J.*

On the trial the plaintiffs offered evidence to prove, and claimed to have proved, that at various times between the 28th of March, 1860, and the early part of June following, the defendant bought goods of the plaintiffs, upon credit, to the amount of $296 ; that on the 28th day of March the defendant stated to the plaintiffs that his stock of goods on hand was of the value of $2,300, and that he owed less than $700 ; that at this time the defendant's stock of goods was in fact worth between $2,000 and $3,000 ; that the defendant had no family, and was not known to have met with any losses, or to have paid any amount of debts ; but that, in the early part of June, the defendant fraudulently and secretly removed and concealed his stock of goods, with intent to prevent the same from being taken by legal process ; and that neither the plaintiffs, nor a trustee in insolvency appointed by the court of probate, had been able to find the goods, or any part of them, or any other property of the defendant. It was admitted that the plaintiff's debt was justly due and unpaid.

The defendant offered evidence to prove that on the 3d day of June, 1860, a trustee in insolvency was duly appointed by the court of probate to take possession of his estate under the insolvency act, and that on the 20th of June, before the service of the present writ, the defendant made and presented to the court of probate an assignment of his property to the trustee for the benefit of his creditors ; that he was afterwards, on the petition of the trustee, examined by the court of probate as to whether he had in his possession, or under his control, any property belonging to the estate so assigned, and the court did not find that he had any ; and that, before the bringing of the present suit, he had taken the poor debtor's oath before the proper authority. The defendant thereupon requested the court to instruct the jury, that, even if they should find the facts as claimed by the plaintiffs, yet if they should also find these facts, the plaintiffs could not recover, or

that, if they could recover at all, it could be for only nominal damages. The court declined so to instruct the jury.

The jury returned a verdict for the plaintiffs, for the sum of $150. The defendant moved for a new trial.

*Doolittle* and *Bronson*, in support of the motion.

Upon the appointment of a trustee in insolvency the title to the property claimed to have been fraudulently concealed or removed by the defendant vested in the trustee, and the defendant had no power to surrender it to the plaintiffs, and the plaintiffs would not have been benefited by his exposing it for their attachment, since they could not have held it by an attachment. The plaintiffs therefore should either fail to recover or recover only nominal damages. The only injury sustained is by the trustee. Further, the defendant had been brought before the court of probate for examination as to whether he had any of the property of the estate in his possession or under his control, and the court had found that he had not. The statute provides expressly for such an examination and its result is conclusive upon the subject-matter. This action could not be sustained at common law, the damage would be too remote. *Smith* v. *Blake*, 1 Day, 258. *Armstrong* v. *Ayres*, 19 Conn., 540. It is true that the gist of the action is the fraud, but damage must concur with the fraud to give a right of recovery. Here the plaintiffs had not got out an attachment before the assignment, and made search for property to attach, so that they can not claim to have been damnified before the assignment, and after the assignment no attachment could have been made if the property had been discovered. The plaintiffs therefore have never been damnified.

*C. Ives* and *Sheldon*, contra.

The statute does not direct that an attachment shall be issued against the property before bringing a suit for damages under the statute. A return upon such a process that the property could not be found might be evidence that it had been concealed or removed, but would not be the sole evidence. The gist of the action is fraud ; *Armstrong* v. *Ayres*, 19 Conn.,

540 ; and where the fraud has been committed the right of action at once accrues. It is said however that if this be so the plaintiffs can recover only nominal damages, because they have sustained no actual damage. But the statute can never have intended that the plaintiff, in a suit under it, should prove by direct and positive evidence that he would have secured his debt if the fraud had not been committed. It is enough if he shows that the debtor had the means of paying the debt and property enough to secure it, and it will be presumed that, by the fraudulent concealment or removal of his property, the plaintiff has lost his debt. At any rate here the jury, who alone could estimate the damages, have found that the plaintiffs have suffered damage to the amount of $150, and there is nothing in the motion to show that that damage was not actually sustained.

HINMAN, C. J. In this action the plaintiffs, who are creditors of the defendant, seek to recover damages against him for having fraudulently assigned and conveyed away and concealed his property beyond the reach of legal process. It is, of course, an action which could not have been sustained at common law, but was first given by statute as a remedy against the frauds which it was anticipated would follow the enactment of the law abolishing imprisonment for debt.

The plaintiffs made out a very clear *prima facie* case under the statute. But the defendant claimed that, as he had become insolvent, and a trustee of all his property liable to attachment had been appointed, who took the title to all such property ; and the defendant had also, before the service of this process, made an assignment of his property for the benefit of his creditors ; and as he had been examined before the court of probate as to whether he had any property belonging to the assigned estate in his possession or under his control, and the court did not find that he had any ; and as, moreover, the defendant before the bringing of this suit had in regular form taken the poor debtor's oath, the plaintiffs could not recover in this action, or if they could recover it could only be for nominal damages.

The statute, as it now stands in the revision of 1854, p. 150, enacts that "whenever any person shall be guilty of fraud in contracting a debt, or shall conceal, remove, withhold, assign or convey away his estate, moneys, goods, chattels, or choses in action, with intent to prevent the same from being taken by legal process, or shall refuse to pay any debt admitted by him or established by a valid judgment, while having moneys or estate not exempt from execution sufficient to discharge the same concealed or withheld by him so that the same can not be taken by legal process, or shall refuse to disclose his rights of action with intent to prevent the same from being taken by foreign attachment, any creditor aggrieved thereby may institute an action on the case against such person, setting forth his debt in the declaration, and also setting forth particularly such fraudulent act or acts, and have process of attachment and execution against the body of the defendant, to be proceeded with in all respects as in other actions of tort."

The language of this statute is still such as to render the precise object and meaning of it somewhat uncertain, though it is much better expressed as embodied in the late revision than it was when first enacted. If we look back however to the law which secured to all creditors the right to enforce the collection of their debts by the imprisonment of the bodies of their debtors, and to the fact that this law, which was thought to be oppressive in respect to honest though unfortunate debtors, was repealed, not only at the same time, but by the very act which in a proviso first enacted the substance of this statute, we think its meaning will be made sufficiently clear. The legislature meant to abolish the law authorizing the imprisonment of honest debtors, but did not intend to abolish it in respect to that dishonest class of debtors who were guilty of fraud in contracting their debts, or who concealed or conveyed away their property so that it could not be reached by the ordinary process of attachment. To secure this object it was deemed necessary to authorize, and thus establish, a new form of action, which is called in the present statute an action on the case. The act provides that the creditor's debt shall be set forth in the declaration, and also the fraudulent act or acts

which are relied upon in respect to it, and then it is enacted that, on such a declaration, the party shall have process and execution against the body of the defendant, to be proceeded with in all respects as in other actions of tort. It is therefore a clearly marked action in tort irrespective of the statute. And fraud is, in one sense, the gist of it, as was held in *Armstrong* v. *Ayres,* 19 Conn., 540. But it was doubtless considered proper, if not necessary, to make it so expressly, in order to secure to the plaintiff the right to enforce payment of the debt which had been fraudulently contracted, or the payment of which had been fraudulently evaded, by the imprisonment of the delinquent's body. In view of these considerations we think it clear that none of the matters set up by the defendant are any defense to the action; and it appears to us, moreover, that the plaintiffs were at least entitled to recover the full amount of their debt against the defendant. The utter insolvency of the defendant, which indeed may have been induced by the fraudulent conduct which is complained of and is the ground of recovery in this action, so far from being any ground of defense, either to the action itself or in respect to the damages, is the principal reason why it is desirable that his body should be holden to respond to the full amount at least of the debt, the payment of which he fraudulently attempted to evade. It is true the gist of the action is fraud. But it is a fraud in respect to a debt, either in contracting it, or in disposing of and withholding the means of paying it. And the remedy which the statute intended to leave to the party thus defrauded, was the right to enforce the payment of his debt thus situated by means of the imprisonment of the fraudulent debtor's body. Unless then he can recover at least the full amount of his debt he fails to obtain the full benefit which the statute intended to give him. Imprisonment for mere indebtedness was abolished. But for indebtedness accompanied by the frauds, or some of them, which are mentioned in the statute, it was intended that it should be retained. And the creditor was to have the benefit of this remedy by means of this action upon the case, in which both the debt and the fraudulent act or acts which by the

Cowles *v.* Day.

statute were to deprive the fraudulent debtor of the benefit of the act abolishing imprisonment for debt, were to be set forth. As they were both required to be set forth, so it is necessary to prove them both in order to secure the benefit of an execution against the body as well as against the property of the debtor. The fraud irrespective of the debt is no injury to any one pecuniarily; but accompanied by the debt it is an injury, since it deprives the party of the means of obtaining payment by an attachment of the property secreted or removed. And the remedy for this injury is a recovery in this action, by means of which the person of the debtor can be held until he satisfies the judgment which is recovered against him. It follows then that he is entitled to recover, as has already been said, at least the amount of the debt. It is not necessary to consider how much more, if any thing, he might be entitled to recover, as from the verdict it would appear that the plaintiffs recovered considerably less than they were entitled to in this case; but of this of course the defendants can not complain.

We have dwelt longer upon the subject of damages than the importance of the case would perhaps require, because the counsel for both parties seemed to suppose that the debt was not the rule of damages in this action; whereas we are of opinion that, if it is not strictly the rule of damages, it is cer_tainly the principal item which is to be recovered, and in cases unaccompanied by any other ground for recovery of damages, and not calling for vindictive or exemplary damages, we think the debt, with such interest as may have accrued upon it, should ordinarily be the rule of damages in the action.

We do not advise a new trial.

In this opinion the other judges concurred.