EBENEZER GUTHRIE *vs.* HENRY S. CROVER AND ANOTHER.

The defendants being insolvent were indebted to the plaintiffs in the sum of about $100, and had in their hands $1,100 in cash, and a draft on New York for $300 which was not due. On being applied to by the plaintiff for payment, the defendants refused unless the plaintiff would receive the draft, and pay them the balance, over and above their claim, in money, which the plaintiff declined.

In an action on the case founded on the statute, tit. 1, ch. 15, § 370, demanding $150 damages, the declaration alleged an admitted indebtedness which the defendants refused to pay, while having money and other property not exempt from execution more than sufficient to pay the debt fraudulently concealed and withheld, but did not directly allege that the property so concealed could not be taken by legal process.

Held, 1. That the declaration was sufficient. 2. That the insolvency of the defendants was no defence to the action. 3. That the offer of the draft was admissible evidence for the defendants to disprove the charge of fraudulently concealing and withholding property, but was not conclusive, and did not of itself constitute a sufficient defence. 4. That the action was within the jurisdiction of the Court of Common Pleas.

ACTION ON THE CASE founded upon the statute, (tit. 1, ch. 15, §370,) tried in the Court of Common Pleas for New Haven county, (*Bronson, J.,*) on the general issue closed to the court. The court found the issue for the plaintiff, and the defendants moved in arrest of judgment for the insufficiency of the declaration. The court overruled the motion and rendered judgment for the plaintiff, whereupon the defendants filed a motion in error, and also moved for a new trial for error in the rulings of the court.

The questions raised on the motions sufficiently appear from the opinion.

*Cothren,* in support of the motions.

*Wooster* and *Torrance,* contra.

CARPENTER, J. The motion in error presents two questions for our consideration.

1. Is the declaration sufficient? The second count is

framed with reference to the third clause of the statute, which provides that if any person "shall refuse to pay any debt admitted by him, or established by a valid judgment, while having moneys or estate not exempt from execution sufficient to discharge the same concealed or withheld by him so that the same cannot be taken by legal process, any creditor aggrieved may institute an action on the case, &c."

The material averments in the declaration are an indebtedness from the defendants to the plaintiff, an admission of the debt, that the defendants, and each of them, had money and other property not exempt from execution more than sufficient to pay said debt, and that the defendants fraudulently concealed and withheld said property, and refused to pay and satisfy said debt. It is true there is no direct allegation that the property so concealed or withheld could not be taken by legal process, but the averments substantially conform to the statute, and embrace all that the statute makes requisite. We are therefore of the opinion that that count is sufficient, and as the facts found by the court below sustain it, we have no occasion to examine the other two counts.

2. There is no foundation for the claim that the case is not within the jurisdiction of the Court of Common Pleas. The amount demanded as damages is greater than one hundred dollars, the statute declares it to be an action of tort, and this court has decided that the gist of an action under this statute is fraud. *Armstrong* v. *Ayres*, 19 Conn., 540.

There are also two questions presented by the motion for a new trial.

1. The defendants' counsel, in effect, asked the court to rule that the insolvency of the defendants excused and justified their refusal to pay the plaintiff's debt. The court was clearly right in overruling this claim. *Cowles* v. *Day*, 30 Conn., 406. There is no pretence that the defendants desired or intended to pay any portion of their indebtedness, through the insolvent law, or otherwise; but the bald claim is made in this court, that, because the defendants are actually insolvent, they should be permitted to abscond with their whole property, leaving all their creditors wholly without redress.

Guthrie *v.* Crover.

No argument can be required to show that such a claim ought not to receive a judicial sanction.

2. It appears that just before the commencement of this suit, the defendants offered to turn out to the plaintiff in payment of his demand, an accepted draft on New York, not then due, for the sum of three hundred dollars, and which they represented to be good, on condition that the plaintiff should pay to the defendants the balance, two hundred dollars or more, in money; which offer was declined. At the time it was made the defendants had in hand eleven hundred and fifty dollars, ready money. The defendants claimed that this offer relieved them from the operation of the statute, and asked the court so to rule. But the court ruled otherwise. The main question in the case was whether the defendants fraudulently concealed and withheld from the payment of a just debt, admitted to be due, money &c. more than sufficient to pay the same. That was a question of fact, and the court below has found it unequivocally in the affirmative. The circumstance under consideration was doubtless competent evidence for the defendants upon that question, but it was not conclusive. It was to be received and weighed, like other evidence, in connection with the other testimony in the case, and in the light of the surrounding circumstances.

It does not appear that the court in disposing of this question violated any legal principle.

There is no error in the record, and no cause for granting a new trial.

In this opinion the other judges concurred.