## WILLIAM J. ATWATER *vs.* HARRY SLEPCOW.

Third Judicial District, Bridgeport, April Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Section 1347 of the General Statutes provides that when any person con-
ceals, removes, or conveys away property with intent to prevent it
from being taken by legal process, any creditor aggrieved thereby
may bring an action setting forth the debt and fraudulent acts par-
ticularly, and attach the defendant's body. *Held* that the collec-
tion of the debt was the real purpose of the action, and that the
judgment, if for the plaintiff, should be for a sum not less than the
amount of the debt alleged and proved, regardless of the value of
the estate which the plaintiff, by reason of the defendant's act, was
prevented from taking by legal process.

Another clause of the statute gives the same remedy if the defendant
refuses to pay any debt admitted by him or established by a valid
judgment, while having estate, liable to execution and sufficient to
discharge the same, which is concealed or withheld by him so that
it cannot be taken by legal process. *Held* that under this clause of
the statute it was incumbent upon the plaintiff to prove not only
the concealment or withholding of property by the defendant, but
also that the value of such property was sufficient to have discharged
his debt.

Argued April 9th—decided May 9th, 1902.

ACTION by a creditor against his debtor to recover damages
for concealing or withholding property from attachment so
that it could not be taken by legal process, brought to the
Court of Common Pleas in New Haven County and tried to
the court, *Hubbard, J.;* facts found and judgment rendered
for the plaintiff for $303 damages, and appeal by the defend-
ant for alleged errors in the rulings of the court. *Error and
judgment reversed.*

The complaint contains three counts. The first alleges
that the defendant, while owing the plaintiff $277.40, re-
moved and concealed certain goods with intent to prevent
them from being taken by legal process; the second, that
while so indebted the defendant refused to disclose certain
valuable rights of action, to prevent the same from being

taken by foreign attachment; and the third, that while so indebted, and while admitting said indebtedness, the defendant refused to pay the same, while having estate, not exempt from execution, more than sufficient to pay said debt, concealed and withheld by him so that it could not be taken by legal process.

The trial court found that the defendant was indebted to the plaintiff as alleged in the complaint, and that while so indebted he sold his stock of goods in his harness store for cash, but that it did not appear whether the price received therefor was greater or less than the plaintiff's debt; that two days after such sale the plaintiff asked the defendant to pay said debt or a part of it, which the defendant declined to do, though admitting that he owed the plaintiff said debt, saying that he wanted to use the money for other purposes, that he had sickness in his family, and wanted to pay doctor's bills; that defendant had no other attachable property, and that at the time of refusing to pay plaintiff's debt or any part of it, he had "money in hand not exempt from execution, and that he concealed and withheld such money so that it could not be taken by process in this case."

Upon these facts the trial court rendered judgment for the defendant upon the first and second counts of the complaint, and for the plaintiff upon the third count, for the amount of said debt and interest, and overruled the defendant's claim that the plaintiff was not entitled to such judgment until he had proved that the defendant had property sufficient to discharge the debt in question, not exempt from execution.

*Benjamin Slade*, for the appellant (defendant).

*Richard H. Tyner* and *Robert C. Stoddard*, for the appellee (plaintiff).

HALL, J. By the Act of 1842 imprisonment for mere indebtedness was abolished, but the right to enforce, by imprisonment of the debtor's body, the collection of a debt in respect to which he has been guilty of the acts of fraud, or

some of them, described in § 1347 of the General Statutes, still remains. Fraud is the gist of the action provided by the statute, but it is fraud in respect to a debt. The real purpose of the action is the collection of the debt, and the judgment, if in favor of the plaintiff, should be not for the value of the estate which the plaintiff, by reason of the defendant's act, was unable to take by legal process, but for a sum not less than the amount of the debt alleged and proved. *Cowles* v. *Day,* 30 Conn. 406, 412; *Armstrong* v. *Ayers,* 19 id. 540.

The fraudulent acts of the debtor, which entitle the creditor to this remedy for the collection of his debt as stated in the statute, are, in substance, (1) fraud in contracting the debt, (2) concealing or conveying away property to prevent it from being taken by legal process, (3) refusing to pay a debt which is either admitted or established by a valid judgment, while having sufficient means therefor, which are so withheld by the debtor that they cannot be reached by the creditor by legal process, and (4) refusing to disclose rights of action to prevent them from being taken by foreign attachment.

The statute requires that the debt should be set forth, and that the fraudulent acts should be particularly stated in the complaint.

The plaintiff in the present case having set forth certain of the fraudulent acts described in the statute, as the acts relied upon, it follows that he was required to prove some one of them, as alleged, in order to obtain a judgment.

As it was neither shown that the stock of goods was conveyed away with intent to prevent it from being taken by legal process, as alleged in the first count, nor that the defendant owned any rights of action subject to be taken by foreign attachment, as alleged in the second count, judgment was properly rendered for the defendant upon these counts, and since it neither appears that the money received by the defendant for the sale of his stock of goods was sufficient to discharge the plaintiff's debt, nor that the defendant, when he refused to pay the plaintiff's debt, had money or estate

sufficient to discharge the same, as alleged in the third count, judgment should have been rendered for the defendant upon that count also.

Had the plaintiff sought to recover judgment upon the ground that the defendant had concealed, removed, or conveyed away the money which he received from the sale of his stock of goods, or any money, with intent to prevent such money from being taken by legal process, he should have set forth such fraudulent act in his complaint. For such a fraudulent act only the second clause of the section in question gives a right of action, whether the debt sought to be recovered be disputed or admitted. The only fraudulent act alleged in the complaint under the second clause of the statute is that stated in the first count, namely, the concealment and removal, not of the money, but of the stock of goods, with intent to prevent them from being taken by legal process. The third clause of the section, upon which clause the third count of the complaint is based, provides no remedy for the mere concealment of property or money with the intent to prevent it from being taken by legal process, whether the estate or money so concealed be sufficient or not to discharge the debt sought to be recovered. The fraudulent act described in this clause of the section is the refusal to pay a debt which is either established by a valid judgment, or is admitted by the debtor, and which the debtor has means, not exempt from execution, sufficient to discharge, and which means cannot be reached by the creditor by legal process. The third count states all the material elements of such a fraudulent act, and the burden rested upon the plaintiff to prove them as alleged. He in fact proved them all, except the amount of the money which the defendant had, or that it was sufficient to discharge the plaintiff's debt. By such omission he failed to establish a material averment of the third count. Although it may have been the duty of the defendant to pay such part of the debt as he was able to with the money he had, when he was requested to pay the debt or any part of it, the allegation of the complaint is, not that the defendant refused to pay a part of the debt while having the

means to do so, but that he refused to pay the entire debt while having estate sufficient to pay it. Nor does this clause of the statute make it such a fraud as will render a debtor liable to imprisonment, if, while having money or estate not sufficient to discharge an admitted debt, he refuses to apply such money or estate as he may have in part payment of such debt. The language of this part of the statute is free from ambiguity. It renders the debtor liable to imprisonment only when he refuses to pay an admitted debt or one established by a valid judgment, while having estate not exempt from execution, *sufficient to discharge the same.*

The trial court erred in adjudging that the plaintiff was entitled to recover upon the third count of the complaint without proof that the defendant had estate not exempt from execution sufficient to discharge the alleged debt.

There is error and the judgment is reversed.

In this opinion the other judges concurred.