GERTRUDE E. MORRISON ET ALS. vs. CHERRIE LOUISE MARTIN ET AL.

Third Judicial District, New Haven, June Term, 1911.
HALL, C. J., PRENTICE THAYER. RORABACK and WHEELER, Js.

General Statutes, § 1099, provides, among other things, that any person who shall conceal, remove or convey away any part of his estate with intent to prevent it from being taken by legal process, shall be liable to any creditor who is aggrieved thereby in an action of tort, in which the debtor's body may be attached and taken on execution. *Held:*—

1. That the conveyance of real, as well as of personal, estate, with the intent to prevent its being taken on legal process, came within the terms and purview of the statute.
2. That the remedy thus provided could be resorted to only by a creditor who was "aggrieved," that is, damaged by the fraud; but that the hindrance, delay and expense to which the creditor was put by reason of such a conveyance, and to which he would not otherwise have been subjected in collecting his debt, constituted a sufficient grievance or damage to enable him to maintain the action.

Although fraud is the gist of such an action, its real purpose is the collection of the debt.

It is a question for the jury whether a conveyance of a valuable leasehold interest, made without consideration by a debtor to his near relatives, was fraudulent or not.

Argued June 14th—decided July 31st, 1911.

ACTION to recover damages for alleged fraud of the defendants in concealing, withholding, and conveying away, their property, with intent to prevent it from being taken on legal process, brought to the Court of Common Pleas in Fairfield County where the plaintiffs

were nonsuited in a trial to the jury before *Scott, J.*, from which judgment they appealed. *Error and new trial ordered.*

*Russell Porter Clark*, for the appellants (plaintiffs).

*Charles D. Lockwood*, for the appellees (defendants).

THAYER, J. The plaintiffs hold a note against the defendants which the latter admit and refuse to pay. This action is upon § 1099 of the General Statutes to enforce the collection of the debt. In *Atwater* v. *Slepcow*, 74 Conn. 671, 673, 51 Atl. 1063, we said: "Fraud is the gist of the action provided by the statute, but it is fraud in respect to a debt. The real purpose of the action is the collection of the debt." The statute gives the remedy only to a creditor who is aggrieved by the fraud. If, therefore, the creditor is not damaged by the fraud, he has no right to resort to an action upon the statute which, being in tort, permits the attachment of the defendant's body. *Fearey* v. *Hotchkiss*, 46 Conn. 266, 270.

The complaint is in four counts. There was no evidence to support the first and third, and no argument in support of the assignment of error based thereon has been addressed to us. The second count alleges that after this note became due the defendants refused to pay it, and that at the time of such refusal they had estate, not exempt from execution, more than sufficient to pay it, concealed and withheld by them so that it could not be taken by legal process. The fourth count alleges that during the month preceding the date of maturity of the note the defendants owned a profitable rooming and boarding-house business in the city of Stamford, with a valuable leasehold interest in No. 56 South Street, in that city, and transferred and conveyed

away their interest in the business and lease, with intent to prevent their being taken on legal process. There was evidence tending to show that the business was ostensibly turned over to one Clark a day or two before the note became due, and that the lease mentioned was assigned to one Anderson by the defendants two days before the note became due. There was no evidence of any other concealment and withholding of property, as alleged in the second count, or of transferring and conveying away property, as alleged in the fourth.

The evidence tended to show that the defendants' lease of 56 South Street, where they conducted the boarding-house business, had one year and six months to run at the time of its transfer. This leasehold interest was attachable, and subject to be taken and sold on execution. General Statutes, §§ 830, 930. It is claimed that this interest was real estate, and that there can be no concealing or withholding of real estate from legal process. *Allen* v. *Lyness*, 81 Conn. 626, 71 Atl. 936, is referred to, where there is a *quære* whether real estate can be so concealed and withheld. A leasehold interest at common law is personal property. The statutes referred to provide that it may be attached in the same manner as real estate, and levied upon and sold in the same manner as personal property. Whether real or personal property, we are satisfied that under the statute it can be "conveyed away," with the intent to prevent its being taken on legal process. The statutes provide that conveying away any part of his estate by the debtor, as well as concealing or withholding it, for the fraudulent purpose of preventing its being taken on legal process to pay his debts, creates a cause of action under the statute. Real estate can be conveyed away for that purpose, as well as personal property, and so comes within the letter of the law. It is true that the creditor

Morrison *v.* Martin.

may trace the conveyance, and may attach and hold it, if there has been a fraudulent conveyance, and he can prove it, and that the vendee participated in the fraud. But this imposes a burden upon the creditor to which he ought not to be subjected. Nor does the fact that he can attach it show that he is not injured by the conveyance. That he must prove the fraud in such cases, in order to hold the property, shows that he is injured by the conveyance. He is hindered and delayed and put to cost in the recovery of his debt, to which he would not have been subjected had the conveyance not been made. We think the statute was intended to cover conveyances of real estate, as well as personal estate, made to prevent its being taken on legal process. For the reasons stated, it cannot be said that the plaintiffs were not damaged by the conveyance.

There was evidence tending to show that the leasehold interest was valuable, especially in connection with the business which was transferred at the same time.

The relationship of the defendants to the parties to whom the transfers were made, and the fact that there was no consideration for the transfers, furnished evidence to go to the jury upon the question of fraudulent intent. There was thus evidence which should have been submitted to the jury under the second and the fourth counts, and the nonsuit was improperly granted.

There is error and a new trial is ordered.

In this opinion the other judges concurred.