Farley-Harvey Co. *v.* Madden.

------------

FARLEY-HARVEY COMPANY *vs.* WILLIAM J. MADDEN.

Third Judicial District, New Haven, January Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND WOLFE, JS.

The plea of another action pending is a cause for abatement when the two suits are of the same character, in the same jurisdiction, between the same parties, and brought to obtain the same end or object, for, in that event, the second action is unnecessary and, therefore, merely oppressive and vexatious to the defendant. But where it is reasonable and necessary that in seeking his redress, a plaintiff should pursue concurrently several different remedies, the law will not prevent him from so doing, since the preservation of his rights is equally as important as the protection of the defendant.

To the present action, brought to the Superior Court in New Haven County under § 6142 of the General Statutes, alleging the defendant's concealment or removal of his personal property to prevent the satisfaction of an indebtedness to the plaintiff, and directing the attachment of his body, the defendant pleaded in abatement, and offered proof, that there was another action pending in the District Court of Waterbury brought by complaint upon the common counts to collect the same debt. The trial court sustained the plea. *Held* that the trial court erred, first, because the actions differed essentially in character, the one under the statute being in the nature of an action for fraud and, therefore, sounding in tort rather than in contract; and, second, because the distinctive feature of the statutory remedy— attachment of the defendant's body—was not available to the plaintiff in his first action, either in its original form, or by amendment of the complaint to include a count upon § 6142, since § 5861 forbids an attachment of the body unless it is permissible upon all the causes of action alleged, or by substitution

Farley-Harvey Co. *v.* Madden.

of a complaint upon § 6142, since an amendment of or sub-
stitution for the common counts is prohibited by § 5651 unless
one of the counts is a general statement of the cause of action
relied upon.

Ordinarily an admission of counsel as to a fact or issue in the case
may be accepted and relied upon by the trial court; but where,
as in the present case, it is a statement of a legal conclusion and,
in view of all the information before the trial court, is opposed to
established legal principles, the rights of the parties should not
be concluded thereby.

Argued January 27th—decided March 5th, 1927.

ACTION by a creditor against his debtor for damages
for concealing or withholding property from attach-
ment so that it could not be taken by legal process,
brought to the Superior Court in New Haven County
where the defendant's plea in abatement was sustained
(*Dickenson, J.*) and judgment rendered abating the
writ and dismissing the action (*Marvin, J.*) from which
the plaintiff appealed. *Error and cause remanded.*

*Charles S. Hamilton,* for the appellant (plaintiff).

*John F. McDonough,* for the appellee (defendant).

MALTBIE, J. This action was brought to the Supe-
rior Court in New Haven County under the provisions
of § 6142 of the General Statutes. The complaint
alleges, with an entirely unnecessary division into
counts, an indebtedness of the defendant to the plain-
tiff, a demand for payment and a refusal, and then the
defendant's concealment or removal of his personal
property and his refusal to disclose his rights of action,
in order to prevent their being taken by legal process.
The writ, as authorized by the statute, directed an at-
tachment of the body of the defendant, if attachable
property could not be found. Upon the return of the
case to court, the defendant pleaded in abatement that
there was then pending in the District Court for the

District of Waterbury an action between the same parties and for the same cause of action. Upon the hearing upon the plea, the file of the action in the District Court was placed in evidence, and this disclosed merely a writ and a complaint upon the common counts, no bill of particulars or substitute complaint having been filed. The court inquired of counsel then representing the defendant, not the counsel appearing for him before us, if the parties in that action were the same as those involved in this, and if the cause of action was the same, and counsel stated that they were. Thereupon the court sustained the plea.

An action brought under § 6142 of necessity alleges the existence of a debt, but it is very different from a simple action to collect that debt. Its essence is the wrongful concealment or removal of his personal property by a debtor, so that it may not be subjected to the just demands of his creditor; it is a statutory action, closely akin to a common-law action of fraud, and is much more analogous to one lying in tort than to one in contract. *Atwater* v. *Slepcow,* 74 Conn. 671, 673, 51 Atl. 1063; *Allen* v. *Lyness,* 81 Conn. 626, 631, 71 Atl. 936. Its effectiveness must almost wholly depend upon the right of attachment of the body given by the statute, because it presupposes an inability to find property which may be attached. In *Wildman* v. *Wildman,* 70 Conn. 700, 710, 41 Atl. 1, we point out that, although the ingredients going to make up two statements of fact claimed to constitute separate causes of action may differ, yet "if each showed that the plaintiff was the owner of the same right, that the defendant had committed the same violation of that right, and that the plaintiff was entitled to the same relief, they would each show the same cause of action and not a different one." It is obvious that the plain-

tiff in an action under the statute is not asserting the same right, or complaining of the same violation of that right, as he is when he brings suit simply for the collection of a debt, nor is he entitled to the same relief, using that expression to include the means he may take to obtain payment for the damages he has suffered. A cause of action under the statute involves in part the same issues, but it is not the same as one brought simply for the collection of the debt.

But it is argued that the plaintiff could obtain all the relief to which it is entitled in the action in the District Court. In *Welles* v. *Rhodes,* 59 Conn. 498, 503, 22 Atl. 286, we say: "It is now an established principle in our law of civil procedure that two suits shall not be brought for the determination of matters in controversy between the same parties, whether relating to legal or equitable rights, or to both, when such determination can be had as effectually and properly in one suit." We there point out that if there is already pending an action in which the right claimed can be determined as effectually and properly as it can be in the second suit, the latter should be dismissed. This rule is of course but an amplification of the one already discussed, an outgrowth of the same underlying principle. The rule forbidding the second action is not, however, one "of unbending rigor, nor of universal application, nor a principle of absolute law, —it is rather a rule of justice and equity, generally applicable and always, where the two suits are virtually alike, and in the same jurisdiction." *Hatch* v. *Spofford,* 22 Conn. 485, 494. The law is summed up in the case last cited in this way: "The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at the common law, good cause of abatement. It is so, because there cannot be any reason or *necessity* for

bringing the second; and, therefore, it must be oppressive and vexatious. But while the law is thus careful to screen the defendant from oppression and vexation, it is equally impartial and open to the plaintiff, and I may say, even indulgent, in permitting him, a creditor, to seek redress, by pursuing several remedies at the same time, if this is found to be reasonable and necessary. It will not countenance vexation and oppression, neither will it prevent a creditor from using, in a fair manner, the means in his power to collect his debts." See also *Quinebaug Bank* v. *Tarbox,* 20 Conn. 510, 515; *La Croix* v. *County Commissioners,* 50 Conn. 321, 326. In the situation before us, the plaintiff could not have made available in the District Court a remedy by the attachment of the defendant's body; it could not have added a count under the statute and made application for a supplemental attachment of the body, for the reason that the statute forbids such an attachment where a complaint contains several counts, unless all the counts are such as would permit it to be made; General Statutes, § 5861; nor could it have substituted a complaint under the statute for that filed in the District Court, because that was in the form of the common counts and no amendment or substitute can be filed in an action begun by the use of that form of complaint, unless some one of the counts is a general statement of the cause of action relied upon. General Statutes, § 5651; *Goodrich* v. *Alfred,* 72 Conn. 257, 260, 43 Atl. 1041. Where a creditor brings an action to collect the debt due him and attaches such of the debtor's property as he can find, but that property is insufficient to satisfy his claim, and later he ascertains that the debtor has removed or is concealing other property owned by him with an intent to prevent its being taken by legal process, there is no sound

reason why the creditor should not be permitted to bring an independent action under the statute.

The statement of counsel at the hearing, that the cause of action stated in the complaint before us was the same as that involved in the case in the District Court, was a statement of a legal conclusion rather than an admission of a fact. Admissions made by counsel in the course of a trial as to facts, the issues in dispute, and the like, serve a very useful purpose, and ordinarily a trial court is amply justified in proceeding with the case upon the basis afforded by them, although it may in a proper case disregard them. 5 Wigmore on Evidence (2d Ed.) §§ 2590, 2597. But in the situation before us, the matter was not left to rest upon the admission of counsel, but the file of the action in the District Court was placed in evidence, By the application of established principles of law, it would have become apparent to the trial court that counsel was mistaken in the statement he made. Under such circumstances, the trial court would not have been justified in concluding the rights of the plaintiff by that statement. As a matter of fact, the record indicates clearly that the trial court did not do so, but reached its decision by an erroneous application of legal principles. In either event it was in error.

There is error, the judgment is set aside, and the cause remanded to be proceeded with according to law.

In this opinion the other judges concurred.