TONY MURAWSKI *vs.* SARL HINENBERG ALIAS
SARL HINNENBERG.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 14th—decided December 15th, 1931.

*Franklin Coeller,* for the appellant (plaintiff).

*Joseph Weiner,* with whom was *William Gitlitz,* for the appellee (defendant).

MALTBIE, C. J. The writ in this action directed the attachment of the body of the defendant and the complaint alleged that he had conveyed away his property with intent to prevent it from being taken by the plaintiff to satisfy the admitted debt sued upon, while having estate not exempt from execution sufficient to discharge the debt and that he had concealed and withheld such estate so that it could not be taken by legal process. The action was therefore a pro-

ceeding based upon § 5994 of the General Statutes. That being so and there appearing to have been no abandonment of an intent to seek relief by attachment and execution against the body of the defendant, facts bringing the statute into operation would have to be proved, and though other facts sufficient to justify a money judgment might be established, such a judgment could not be rendered. *Allen* v. *Woodruff,* 63 Conn. 369, 373, 28 Atl. 532; *Farley-Harvey Co.* v. *Madden,* 105 Conn. 679, 681, 136 Atl. 586. While the finding as made is no doubt susceptible to changes in certain respects, it must stand at least to the extent of the facts hereafter stated.

The defendant borrowed $1000 of the plaintiff and gave his note and a mortgage therefor. The papers were drawn in the office of an attorney, who explained to the parties at the time the necessity that the mortgage should be recorded in order to give it validity. Subsequently the defendant desired to place another mortgage upon the premises and a search of title disclosed the fact that the plaintiff's mortgage was not of record. After the later mortgage was executed the defendant asked the plaintiff why his mortgage was not on record and stated to him that it ought to be recorded, and the plaintiff then told the defendant he was not afraid to leave the matter as it was. Later the defendant, being short of money, told the plaintiff that he could not keep the property longer and had an opportunity to make an advantageous exchange of properties; he then asked the plaintiff if he desired to put some money into it himself; and the latter replied that he did not care to do that, but the defendant would have a chance later to sell other property and he was willing to be paid off then. The defendant made the exchange and conveyed away the property. At the time he had other properties in

which there were equities worth more than $21,000. He subsequently lost these and at the time the action was brought it did not appear that he had any property in his name out of which the plaintiff's debt could be paid. The trial court concluded that the exchange of the properties was made with the assent of the plaintiff, that the plaintiff was willing to trust the defendant for the ultimate payment of the debt, and the latter did not intend to cheat or defraud him out of the money loaned or to convey away his property to prevent its being taken by legal process, but relied upon the plaintiff's trust in him, believing that he would be able ultimately to pay the debt.

The statute in question provides that an action, in which the body may be attached and taken on execution, may be brought in any of four situations: Where there is fraud in contracting the debt; where the debtor conceals, removes or conveys away any part of his estate with intent to prevent it being taken by legal process; where he refuses to pay a debt admitted by him or established by judgment while having estate not exempt from execution sufficient to discharge the debt, concealed or withheld so that it cannot be taken by legal process; and where the debtor refuses to disclose his rights of action with intent to prevent them from being taken by foreign attachment. There can be no claim that the first or last situation is present here. It was a reasonable conclusion of the trial court that the defendant did not convey away his estate with intent to prevent it being taken by legal process; his whole course of dealing with the plaintiff, and the latter's knowledge that the exchange was about to be made, his refraining from seeking to reach the property to satisfy the debt at that time, and his virtual assent to the exchange negative any such intent. There does not appear by the finding to have

been any refusal to pay the debt at any time when the defendant had any assets sufficient to discharge it or any withholding or concealing of property to prevent it being taken upon legal process. Whatever right of action the plaintiff might have against the defendant, he has established no facts which would enable him to invoke the statute in question.

There is no error.

In this opinion the other judges concurred.