[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision on Defendants' Motion to Strike (#141)
The defendants have moved to strike a three-count complaint sounding in statutory and common-law fraudulent transfer. The gravamen of their claim to strike the first two counts is that plaintiff fails to allege essential elements of a claim for common-law fraud. On the third count, the defendants claim that the plaintiff has not alleged three elements necessary for a cause for action for fraudulent transfer under general statutes § 52-552 that a defendant was (1) indebted by an underlying judgment to the plaintiff and (2) concealed, withheld or transferred property (3) sufficient to discharge that indebtedness. For the reasons stated below, the motion to strike is denied.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998).
 It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted . . . Indeed, pleadings must be construed broadly and realistically, rather than narrowly and technically.
(Citation omitted; internal quotation marks omitted.) Gazo v. Stamford,255 Conn. 245, 260, 765 A.2d 505 (2001).
 In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied.
Faulkner v. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
CT Page 2333 (1997).
The defendants claim that the first two counts are legally insufficient because they do not allege any false representation, inducement, or reliance. (See (Defendants' Response Memorandum, pp. 1-2.) Yet actions for fraudulent misrepresentation are not the only actionable form of common-law fraud. Connecticut courts have long recognized both statutory and common-law actions for fraudulent conveyance. Cook v. Bieluch,32 Conn. App. 537, 551, 629 A.2d 1175 (1993) ("the common-law remedy continues to exist"); White v. Amenta, 110 Conn. 314, 318-19, 148 A. 345
(1930).
 [A] conveyance may judicially be declared void and set aside as against any person except a purchaser for fair consideration without knowledge of the fraud at the time of purchase, if the conveyance was fraudulent. A conveyance is fraudulent if made with actual intent to avoid any debt or duty or if made without any substantial consideration by a person who is or will be thereby rendered insolvent. A person is insolvent for these purposes when he is unable to pay his then-existing debts.
(Citation omitted.) Molitor v. Molitor, 184 Conn. 530, 535, 440 A.2d 215
(1981).
Viewed most favorably to the plaintiff, the allegations of the first two counts meet this standard.
The first paragraph of the third count of the Revised Amended Complaint alleges that the defendant Timothy Martin owes $107,461. 36 to the plaintiff on an underlying judgment. The fifth paragraph of that count alleges that after incurring this debt the defendant sold real property for $1,100,050 and was unwilling or unable to account for, or has transferred[1] to the co-defendant, more than $150,000 of the sales proceeds. Those allegations, along with the others pleaded, meet the requirements under the fraudulent conveyance statute that defendant owe a debt to the plaintiff and either withhold from the plaintiff or transfer property sufficient to satisfy that debt.
In Gamlestaden PLC v. Backstrom, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. CV 93-0130060 (May 17, 1995, Karazin, J.), the court held that § 52-562
 provides that an action may be brought in situations "[w]here there is fraud in contracting the debt; where the debtor conceals, removes or conveys away any part of his estate with intent to prevent it being CT Page 2334 taken by legal process . . ." Murawski v. Hinenberg, 114 Conn. 53, 55, 157 A. 637 (1931). "The statute requires that the debt should be set forth, and that the fraudulent acts should be particularly stated in the complaint." Atwater v. Slepcow, 74 Conn. 671, 673, 51 A. 1063
(1902).
The plaintiff's allegations in that case are similar to those in the case at hand: The plaintiff in Backstrom alleged loan agreements between himself and the loan defendants and that these defendants made transfers to other defendants
 which were not repaid, and in certain circumstances were not secured or memorialized in any contemporaneous loan agreement, and which did not accrue interest. The plaintiff [alleged] that the defendants knew, or should have known, that the transfers would render the loan defendants unable to meet their obligations under the loan agreements, and personal guarantees.
The plaintiff there further alleged that the defendants committed fraud and removed or conveyed away their property with the intent to prevent it from being taken by legal process. The court held those allegations established a cause of action under § 52-562.
As in Backstrom, the plaintiff in the present case alleges that he obtained a deficiency judgment against the defendant Timothy Martin, a defendant indebted by the underlying judgment, and that this defendant then conveyed property to the defendant Danielle Martin by putting certain property into her name and by purchasing new properties, including the defendant Connecticut Suites, LLC, with his money and putting those properties into her name. The plaintiff also alleges that the defendant Timothy Martin alone controls the defendant Connecticut Suites, LLC with the cooperation of the defendant Danielle Martin and that she is listed as the managing and sole partner for the purpose of hiding his assets from the plaintiff. The complaint further alleges that the defendant Danielle Martin is fully aware that her husband's motive for purchasing and putting the properties in her name is to defraud creditors and the plaintiff. Such allegations are sufficient to sustain a cause of action under General Statutes § 52-562. Thus, the motion to strike the third count also fails.
For the foregoing reasons, the motion to strike is DENIED.
BY THE COURT
STEPHEN F. FRAZZINI CT Page 2335 JUDGE OF THE SUPERIOR COURT