JOSEPH P. FLAHERTY *v.* FRED SCHETTINO

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, Js.

Argued October 11—decided November 29, 1949.

*Mitchel W. Garber,* for the appellant (plaintiff).

*Israel Poliner,* for the appellee (defendant).

DICKENSON, J.   In this action, the plaintiff is seeking to secure an execution against the body of the defendant.   The complaint is in two counts.   The first count alleges fraudulent representations in obtaining merchandise, in violation of General Statutes, Rev. 1930, § 5994 (Rev. 1949, § 8303); the second count, a violation of that statute, and of § 6369, Rev. 1930 (Rev. 1949, § 8697), in the fraudulent issue of a check. Judgment was rendered for the defendant on both counts.   While the plaintiff has not so designated them, his first three assignments of error are apparently based upon the overruling of his claims of law and we so treat them.   He further claims that the

judgment is not supported by the subordinate facts found.

No attack is made upon the finding of facts. These may be summarized as follows: The plaintiff is in the wholesale meat business in New Haven. The defendant is in the retail food business in Middletown. A mutual friend introduced the parties, stating that the defendant was the owner of a large market and requesting the plaintiff to extend him credit. The defendant made no statement to the plaintiff regarding his financial status. He said he would pay weekly for merchandise. On February 17, 1948, he placed an order for meats with the plaintiff in the amount of $629.34. The plaintiff sold them to him on open book account in reliance upon his statement that he would pay within a week. On February 26, 1948, the defendant telephoned the plaintiff another order for meats amounting to $648.09. In the course of the telephone conversation the plaintiff told the defendant that he had not received payment for the first order. The defendant replied that his check was in the mail. The plaintiff forwarded the second order in reliance upon this statement. No check was then in the mail. On March 10, 1948, the plaintiff received the defendant's check dated March 8, 1948, drawn on a Middletown bank in the amount of the first order, $629.34. The plaintiff deposited it the same day in a New Haven bank. On March 17, 1948, the check was returned to him from his bank stamped "Account Closed." Later he received, by mail, the defendant's check dated March 13, 1948, for $648.09, the amount of the second order. The plaintiff withheld deposit of it at the defendant's request. Numerous demands were made by the plaintiff for payment of these amounts and $175 was paid before suit. At the time the defendant placed the orders he was financially

pressed. He did not inform the plaintiff of this fact nor did the plaintiff investigate his financial standing. The defendant did not testify or offer evidence at the trial.

Section 5994 permits a body attachment for fraud in contracting a debt. Section 6369 provides that one who, with intent to defraud, issues a check knowing that the maker has neither sufficient funds in nor credit with the drawee bank for its payment in full upon its presentation shall be guilty of a crime and that, if payment is refused by the drawee for this reason, the issuing of the check shall be prima facie evidence of intent to defraud unless the maker shall pay the check with costs and protest fees within eight days after receiving notice that it has not been paid by the drawee. "Credit" is defined in the statute as an arrangement or understanding with the bank for the payment of the check in full on presentation. The trial court ruled that § 6369, being a criminal statute, could not be invoked in a civil action. The plaintiff claims that the court, in determining whether a fraud was committed under § 5994, should have applied the provisions of § 6369. He contends that the facts support his claim under § 6369 that one of the checks was not paid within eight days after notice; that this raised a presumption of fraud; that the defendant offered no evidence to refute it; and that the court erred in not applying the statute. Section 6369 provides that refusal of payment by the maker or drawer after prescribed notice shall be "prima facie evidence of intent to defraud under the provisions of this section." This clause is expressly confined to a criminal prosecution based on the statute. It does not state a rule effective in a civil action under § 5994. *Farley-Harvey Co.* v. *Madden,* 105 Conn. 679, 681, 136 A. 586. No tort action with a body attachment may be brought

except under the terms of that statute. *Campbell* v. *Klahr*, 111 Conn. 225, 228, 149 A. 770; *Murawski* v. *Hinenberg*, 114 Conn. 53, 55, 157 A. 637. The trial court correctly ruled that there could be no recovery on the second count.

The allegations of fraud in the first count are that the defendant made false representations that he was able to pay for his purchases when he knew he was insolvent, in order to induce the plaintiff to sell his merchandise, and in fact induced him to furnish it as a result of the representation. As has been stated, the only representation which the trial court found to have been made was the statement by the mutual friend of the parties that the defendant was the owner of a large market, and there is no finding that this was not true. The defendant did promise to pay weekly, but this was not a representation of his ability to pay. It is true that a promise to do an act in the future when coupled with a present intent not to fulfill it is a false representation. *Barlow Bros. Co.* v. *Gager*, 113 Conn. 429, 445, 155 A. 628. In *Watson* v. *Silsby*, 166 Mass. 57, 60, 43 N. E. 1117, it is said that the difference between a purchase of property with an intention not to pay for it and a purchase with knowledge that one has not the means or any reasonable expectation ever to be able to pay is so slight as to be of little practical importance. "But to constitute a fraud which will avoid the contract, there must be a definite conscious intent not to pay." *Gillespie* v. *J. C. Piles & Co.*, 102 C. C. A. 120, 178 F. 886, holds that insolvency alone is insufficient to establish such an intent. We reached a like conclusion in *Morrill* v. *Blackman*, 42 Conn. 324, 327. See also notes 6 L. R. A. (N. S.) 556, 59 A. L. R. 424. The intention of the promisor not to perform cannot be established by proof of nonperformance only, nor does his failure to perform an

agreement throw upon him the burden of showing that his nonperformance was due to reasons which operated after the agreement was entered into. Restatement, 3 Torts § 530, comment c. The situation in the instant case falls within the scope of this statement. The defendant made no representation as to his financial ability to pay for the goods he ordered. He made a small payment but did not pay the balance of the bill. While it appears that he could not later pay the balance, there is no finding either that he knew he could not pay for the goods when he ordered them or that he did not then intend to pay for them. On these facts the trial court was justified in ruling that he was not guilty of fraud.

The plaintiff further contends in his brief that there was fraud in the false statement by the defendant, when he placed the second order for merchandise, that his check for the first order was in the mail, thus inducing the plaintiff to send the second order of merchandise. This is not the cause of action set up in the complaint, and we cannot consider it. Section 5994 requires that the fraudulent acts be specifically set up in the complaint. The allegations in the present complaint predicate fraud upon misrepresentations as to financial ability to pay made when the agreement was entered into. As we said in *Levy* v. *Carter Rice & Co.,* 136 Conn. 216, 221, 70 A. 2d 147, "Variance is no longer treated as strictly as it was under the old common law but it is still necessary for the plaintiff's cause of action to have a basis which is set forth in the allegations of his complaint." This is particularly true in the instant case, where the plaintiff is seeking to establish a cause of action in which execution against the body could be obtained.

There is no error.

In this opinion the other judges concurred.