[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE NO. 103
The plaintiff, Riverside Associates Limited Partnership ("Riverside"), entered into a written lease agreement with defendant Tang's of Westport, Inc. ("Tang's") whereby Tang's agreed to lease premises located at 580 Riverside Avenue, Westport, Connecticut for a term of fifteen (15) years commencing on or about October 17, 1989. Simultaneously Riverside and Tang's signed an asset purchase agreement whereby certain assets used in the operation of a restaurant (and located on the leased premises) were to be purchased by Tang's. Riverside and Tang's also executed a security agreement setting forth said assets as collateral.
Riverside has brought an action against Tang's for breach of the aforementioned agreements, larceny and fraudulent misrepresentation. The claim for fraudulent misrepresentation names Chen Leih Tang and Jackson H. Ma, both officers and directors of Tang's, as additional defendants in their capacity as officers of the corporation and as individuals.
Defendants now move the court to strike the fraudulent misrepresentation claim (count five) of the revised complaint dated September 13, 1991, on the grounds that it is legally insufficient. The parties have submitted memoranda of law setting forth the legal arguments. CT Page 10773
ISSUE
Whether the plaintiff has failed to sufficiently allege the elements of a cause of action for fraudulent misrepresentation. It is agreed that the motion to strike as to Jackson H. Ma should be granted. It is found that as to the remaining two defendants the plaintiff has sufficiently plead a cause of action for fraudulent misrepresentation and the motion should be denied.
DISCUSSION
The motion to strike tests the legal sufficiency of a complaint or any count thereof. Ferryman vs. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989); Practice Book 152. The facts alleged in the complaint are deemed admitted in a motion to strike. Maloney v. Conroy, 208 Conn. 392, 394, 545 A.2d 1059 (1988); Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985).
Legal conclusions or opinions are not admitted, however, but "must flow from the subordinate facts provided." County. Federal Savings and Loan Assn. v. Eastern Associates, 3 Conn. App. 582,585-586, 491 A.2d 401 (1985). "[T]he court must construe the facts alleged . . . in the manner most favorable to the non moving party." Rowe v. Godou, 209 Conn. 273, 278,550 A.2d 1073 (1988); Ferryman, supra, 146. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint", Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170, 544 A.2d 1185 (1988).
There are four elements which must be alleged and proven in an action for fraudulent misrepresentation:
(1) A false representation was made as a statement of fact;
 (2) the statement was untrue and known to be so by its maker;
 (3) the statement was made with the intent of inducing reliance thereon; and
(4) the other party relied on the state to his detriment.
Billington v. Billington, 220 Conn. 212, 217, ___ A.2d ___
(1991). See also Maturo v. Gerard, 196 Conn. 584, 587,494 A.2d 1199 (1985) and Miller v. Appleby, 183 Conn. 51, 54-55,438 A.2d 811 (1981). Defendants argue that plaintiff has failed to sufficiently allege facts supporting the second and fourth elements, i.e. the plaintiff has not adequately shown CT Page 10774 that the alleged misrepresentations are "statements of fact" or that it suffered any detriment in reliance on the statements. See Defendants Memorandum of Law in support of Motion to Strike ("Defendant Memorandum"), p. 3.
As noted above, an essential elements of a fraud claim is the allegation of a false statement of fact. Defendants argue that the alleged misrepresentations here are not statements of fact because they were promises concerning future action. It is true that the general rule is that the alleged misrepresentation "must relate to an existing or past fact", it is also true that "a promise to do an act in the future, when coupled with a present intent not to fulfill the promise is a false representation." Paiva v. Vanech Heights Construction Co., 159 Conn. 512, 515, 271 A.2d 69 (1970). See also Flaherty v. Schettino, 136 Conn. 222, 226, 70 A.2d 151 (1949). It is clear that the allegations in count five of plaintiff's revised complaint viewed in the light most favorable to plaintiff sufficiently allege a statement of fact. The complaint in paragraphs 16, 17, and 19 of count five states as follows:
 16. On or about May 15, 1991, the defendant Chen Lieh Tang represented to the plaintiff's agent that defendants would attempt to sell the business, Tang's of Westport, by May 31, 1991.
 17. On or about May 15, 1991, the defendant Chen Lieh Tang represented to the plaintiff's agent that if, by June 1, 1991, the defendants had not sold the business . . ., then on June 1, 1991, defendants would turn over the keys and contents of the leased premises to the plaintiff.
 19. When defendant Chen Lieh Tang made such representations to the plaintiff's agent on May 15, 1991, the representations were untrue and the defendant Chen Lieh Tang knew such representations were untrue when he made them.
It is found that these allegation sufficiently allege a present intent not to perform a future act, see Paiva, supra, 515, and as such adequately allege a statement of fact.
Further, the court noted in Crowther v. Guidone,183 Conn. 464, 468, 441 A.2d 11 (1981), that the requirement that "the alleged misrepresentation be made as a statement of fact focuses on whether, under the circumstances surrounding the statement, the representation was intended and understood as one of fact as distinguished from one of opinion." Plaintiff alleges in paragraph 18 of count five that "[w]hen defendant CT Page 10775 Chen Lieh Tang made such representations to the plaintiff's agent on May 15, 1991, such representations were made as statements of fact."
Defendants argue that since plaintiff took no affirmative action based on the alleged misrepresentations, the general rule, not the exception set forth in Paiva and Flaherty supra, should apply. They have offered no legal support for this argument and research reveals no such authority.
The second ground on which defendants move to strike count five is that plaintiff has failed to plead detrimental reliance. They argue that plaintiff took no affirmative steps in reliance on the statements at issue, and that any damages plaintiff suffered are not related to the alleged misrepresentations.
Such forebearance allegedly allowed defendants to injure plaintiff by committing waste on the leased premises, removing plaintiff's property and abandoning the property without payment of arrearages. Count V., para 25. It is found that based on the above allegations plaintiff has sufficiently plead detrimental reliance.
It is found that plaintiff has sufficiently plead a cause of action for fraudulent misrepresentation and that the motion to strike as to Tang's and Chen Lieh Tang should be denied.
The motion to strike as against Jackson Ma is granted, the motion is denied as to the remaining defendants.
McGRATH J., JUDGE