[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts.
(Citations omitted; internal quotation marks omitted.) Connellv. Colwell, 214 Conn. 242, 246-47, 571 A.2d 116 (1990).
A. Count Three — CUTPA
The basis of Aslami's argument as to the third count is that, as director of ACAC, he is shielded from personal liability for any alleged CUTPA violations arising out of his conduct done on behalf of ACAC in negotiating and performing the consulting agreement and, therefore, he is entitled to judgment CT Page 6634 on the third count as a matter of law. Aslami argues that there is no basis in law for holding a corporate officer individually liable for acts done on behalf of the corporation, absent a showing of dominance or influence by the individual defendant with respect to the specific transaction upon which the cause of action is based. Aslami submits a copy of the consulting agreement, which, as it pertains to this action, is signed by Aslami on behalf of the corporation. In addition, Aslami avers in his affidavit that he had no individual connection with the underlying contractual transaction other than in his corporate capacity as director of ACAC.
The third count alleges that the defendants made written representations that they would hire the plaintiff for a period of three years, that the consulting agreement arising out of these representations was made as partial consideration for the purchase agreement, that the plaintiff relied on the representations, and that the defendants had no intent of honoring the agreement at the time the representations were made. The plaintiff alleges that this conduct constituted a violation of CUTPA.
General Statutes 42-110b(a), CUTPA, provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." "`Person' means a natural person, corporation, trust, partnership, incorporated or unincorporated association, and any other legal entity." General Statutes § 42-110a(3).
In determining whether a practice violates CUTPA, the courts use the following criteria:
 (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise-whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness;
 (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)].
(Citations omitted.) Daddona v. Liberty Mobile Home Sales,Inc., 209 Conn. 243, 254, 550 A.2d 1061 (1988) (citations CT Page 6635 omitted). A private cause of action based on tort may also be the basis of a CUTPA claim. Sportsmen Boating Corp. v.Hensley, 192 Conn. 747, 756-57, 474 A.2d 780 (1984).
The plaintiff's CUTPA claims are based on fraudulent misrepresentations made by the defendant. A president or director of a corporation may be held individually liable for the fraudulent misrepresentations he or she made while acting on behalf of a corporation, regardless of whether facts exist that constitute grounds to pierce the corporate veil. Kilduff v.Adams, Inc., 219 Conn. 314, 331-32, 593 A.2d 478 (1991) ("It is black letter law that an officer of a corporation who commits a tort is personally liable to the victim regardless of whether the corporation is liable."). When a party's CUTPA claims brought against a corporation's director are premised on the fraudulent misrepresentations of the director, it is not necessary to allege or prove facts sufficient to pierce the corporate veil in order to hold the director individually liable. Fishman v. L M Development, Inc., 7 CSCR 1118,1119 (August 26, 1992, Pickett, J.) (holding that there is no need to allege facts sufficient to pierce corporate veil in order to assert against corporate officer allegations of CUTPA violation based on the officer's allegedly fraudulent misrepresentations and nondisclosure made on behalf of the corporation); Vitano,Inc. v. Townline Associates, 4 Conn. L. Rptr. 393, 393-94 (August 2, 1991, Fuller, J.) (plaintiffs were entitled to damages from officer of corporation individually for claims of CUTPA violations premised on officer's fraudulent misrepresentations made on behalf of the corporation, regardless of presence of facts indicating that corporate veil should be pierced).
In the present case, the plaintiff has alleged that the defendant Aslami made the alleged representations on behalf of the corporation. As noted, a director may be liable for a violation of CUTPA based on tortious misrepresentations he or she made on behalf of the corporation. Fishman v. L MDevelopment, Inc., supra, 7 CSCR 1119; Vitano, Inc. v.Townline Associates, supra, 4 Conn. L. Rptr. 393-94. The defendant has failed to demonstrate that he is entitled to summary judgment on the third count as a matter of law and the defendant's motion for summary judgment is denied as to the third count.
B. Count Four — Fraud
CT Page 6636
Aslami argues that there are no facts alleged in the fourth count that support a claim of fraud against Aslami, individually. In Aslami's affidavit, he avers that he made no representations on his individual behalf, but rather on behalf of the corporation, and therefore, he may not be found individually liable. In support of this contention, the defendant cites Scribner v. O'Brien, 169 Conn. 389, 404,363 A.2d 160 (1975), for the proposition that "[a]n officer of the corporation does not incur personal liability for its torts merely because of his official position." (Citations omitted.)
The court in Scribner v. O'Brien, supra, 169 Conn. 404, went on to hold that "[w]here, however, an agent or officer commits or participates in the commission of a tort, whether or not he acts on behalf of his principal or corporation, he is liable to third persons injured thereby." (Citations omitted.); see also Kilduff v. Adams, Inc., supra, 219 Conn. 331-32. The affidavit submitted by the defendant concedes that Aslami made representations concerning the consulting and purchase agreement, but Aslami avers in the affidavit that any such representations were made on behalf of the corporation. Even if the representations were made on behalf of the corporation, if they were fraudulent as the plaintiff alleges, the fact that the defendant was acting in his corporate capacity would not protect the defendant from liability thereby. Kilduff v. Adams,Inc., supra, 219 Conn. 331-32. Therefore, the defendant has failed to sustain his burden of demonstrating the absence of any genuine issue of material fact.
In addition, as noted above, the basis of the plaintiff's allegations is that the defendant made fraudulent written representations that ASAC would hire the plaintiff as a consultant, that the plaintiff relied on these representations as partial consideration for the purchase agreement, and that the defendants had no intent of honoring the agreement at the time the representations were made.
 "The elements of a fraud action are: (1) a false representation was made as a statement of fact; (2) the statement was untrue and known to be so by its maker; (3) the statement was made with the intent of inducing reliance thereon; and (4) the other party relied on the statement to his detriment." Billington v. Billington, 220 Conn. 212, 217, 595 A.2d 1377
(1991); . . . "[A] promise to do an act in the future CT Page 6637 when coupled with a present intent not to fulfill it, is a false representation." Flaherty v. Schettino, 136 Conn. 222, 226, 70 A.2d 151 (1949).
(Additional citations omitted.) Mitchell v. Mitchell,31 Conn. App. 331, 336, 625 A.2d 828 (1993).
 "It is . . . well recognized that the summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions."
(Citations omitted.) Batick v. Seymour, 186 Conn. 632,646-47, 443 A.2d 471 (1982). Accordingly, the court denies the defendant's motion for summary judgment as to the fourth count.
C. Count Five — Unjust Enrichment
The defendant argues that there is no genuine issue of material fact that he personally benefited from the services of the plaintiff. In support of his motion for summary judgment, the defendant has submitted a copy of the consulting agreement between ACAC and the plaintiff, which provides that the plaintiff was to perform services for the benefit of the defendant corporation.
"The doctrine [of unjust enrichment] is grounded in the principal that it is contrary to equity and good conscience to allow a person to retain a benefit that has come to him at the expense of another." Pleines v. Franklin Construction Co.,30 Conn. App. 612, 618, 621 A.2d 759 (1993).
The plaintiff has not offered any evidence that the defendant Aslami personally benefited from the services allegedly performed by the plaintiff pursuant to the consulting agreement. Therefore, the plaintiff has failed to show any evidence demonstrating the existence of a genuine issue of material fact as to whether defendant Aslami personally benefited from the services of the plaintiff. Therefore, the defendant's motion for summary judgment on the fifth count is granted as to defendant Aslami.
SYLVESTER, J. CT Page 6638