**Kevin J. WISE, et al., Plaintiffs,**

v.

**LINCOLN LOGS LTD.,
et al., Defendants.**

No. 3:94CV816 (DJS).

United States District Court,
D. Connecticut.

March 30, 1995.

Mark G. Sklarz, Sklarz, Early & Avallone, P.C., Lloyd S. Lowinger, Sachs, Berman & Shure, Sklarz & Gallant, Edward Gallant, Sklarz & Gallant, New Haven, CT, for plaintiff Kevin J. Wise.

Barry J. Waters, James F. Sullivan, Murtha, Cullina, Richter & Pinney, New Haven, CT, for defendants Lincoln Logs, Ltd., Richard C. Farr, John R. Naftzger.

## MEMORANDUM OPINION AND ORDER

SQUATRITO, District Judge.

### I. INTRODUCTION

This cause is now before the court on the motion to remand filed by Plaintiff, Kevin J. Wise ("Wise"), on August 18, 1994. *See* Document # 20.

Wise originally filed this case in the Connecticut Superior Court for the Judicial District of New Haven, on April 20, 1994 against Defendants, Lincoln Logs Ltd. ("Lincoln"), Richard C. Farr ("Farr"), and John Naftzger ("Naftzger").[1] He alleges breach of contract, fraudulent misrepresentation, detrimental reliance, and violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen.Stat. § 42–100a *et seq.* Defendants, removed the case to this court on May 19, 1994. 28 U.S.C. § 1441(b). They maintain that this court has diversity jurisdiction. 28 U.S.C. § 1332.

In response to Wise's motion to remand, Defendants argue: (1) that Farr, a Connecticut resident, was fraudulently joined, and (2) that the motion is untimely. The court will address each of these contentions in turn.

For the reasons stated below, the court finds that Wise's motion to remand is due to be granted.

### II. BACKGROUND

The Complaint alleges the following facts:

On or about January 10, 1991, New England Log Homes, Inc. ("NELHI"), a Connecticut corporation, began merger/sale negotiations with Lincoln, a New York corporation with its principal place of business in New York. Complaint at ¶ 7. During these negotiations, NELHI was represented by Wise, its secretary/treasurer and a majority shareholder, and Leonard Suzio ("Suzio"), its

chief executive officer ("CEO"). *Id.* at ¶¶ 7 & 10. Lincoln was represented by Farr, its president and CEO, and Naftzger, its vice president of sales and marketing. *Id.* at ¶¶ 4–6; Naftzger Affidavit of May 12, 1994, at ¶ 4.[2]

The initial negotiations broke off in December, 1992, but resumed on or about June, 1993. Complaint at ¶ 8–9. During the negotiations, Defendants were informed that in order for NELHI to continue doing business until the proposed merger/sale, Wise would have to contribute large sums of cash to NELHI. *Id.* at ¶ 11. On September 3, 1993, an agreement was reached concerning the purchase of NELHI's assets by Lincoln. *Id.* at ¶ 13.

Relying on the agreement, Wise loaned NELHI in excess of $215,000.00. *Id.* at ¶ 14. During the negotiations and at the time of the agreement, the Defendants knew or should have known that they would not or could not purchase the assets of NELHI. *Id.* at ¶ 15. Nevertheless, the Defendants, "permitted, enticed, misled and otherwise induced [Wise] to contribute over $215,000.00 to NELHI." *Id.*

As a result of Defendants' actions and representations, NELHI was forced to cease operations and substantially all of its assets were distributed to secured creditors. *Id.* at ¶ 18. Furthermore, Wise lost the $215,000.00 loan to NELHI. *Id.*

Subsequently, he filed suit in state court. Soon thereafter, Defendants removed the case to this court and Wise filed the instant motion.

### III. DISCUSSION

#### A. Standard of Review

On a motion to remand, the court construes all factual allegations in favor of the party seeking the remand. *Metropolitan Prop. & Cas. Ins. Co. v. J.C. Penney Cas. Ins. Co.,* 780 F.Supp. 885, 887 (D.Conn.1991) (Nevas, J.) (citations omitted); *See R.G. Bar-*

---

1. On August 25, 1994, Chief Judge Dorsey, approved Wise's notice of voluntary dismissal of Naftzger.

2. Farr is a Connecticut citizen for diversity purposes. Notice of Removal, at ¶ 6.

*ry Corp. v. Mushroom Makers, Inc.,* 612 F.2d 651, 655 (2d Cir.1979). Moreover, it is well settled that defendants, as the parties removing the action to federal court, have the burden of establishing federal jurisdiction. *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921); *Sullivan v. First Affiliated Secur., Inc.,* 813 F.2d 1368, 1371 (9th Cir.), *cert. denied,* 484 U.S. 850, 108 S.Ct. 150, 98 L.Ed.2d 106 (1987); *Metropolitan,* 780 F.Supp. at 889 (citations omitted).

## B. Fraudulent Joinder

 Defendants in a state court action, not all of whom are of different citizenship than the plaintiff or plaintiffs, may remove the action to federal district court and seek to invoke the federal court's diversity jurisdiction by contending that the non-diverse defendant or defendants were not properly joined as defendants in state court. *Lane v. Champion Int'l Corp.,* 827 F.Supp. 701, 706 (S.D.Ala.1993); *Saxe, Bacon & Bolan, P.C. v. Martindale–Hubbell, Inc.,* 521 F.Supp. 1046, 1047 (S.D.N.Y.1981) (citation omitted), *aff'd,* 710 F.2d 87 (2d Cir.1983). In such cases, the removing parties bear the burden of proving that the joinder of the non-diverse defendants was "fraudulent." *Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440 (11th Cir.1983). A claim that joinder is fraudulent must be asserted with particularity and supported by clear and convincing evidence. *Parks v. New York Times Co.,* 308 F.2d 474, 478 (5th Cir. 1962), *cert. denied,* 376 U.S. 949, 84 S.Ct. 964, 11 L.Ed.2d 969 (1964); *Lane,* 827 F.Supp. at 706 (citations omitted).

 In determining whether the party seeking removal has met its burden, the court looks to the substantive law under which the rights asserted by the plaintiff are to be enforced. *Metropolitan,* 780 F.Supp. at 889 (citations and footnote omitted). To sustain their burden, "defendant[s] must show that the facts as stated in the complaint [under the controlling substantive law], form no basis for relief against the [non-diverse] defendant ..." *Truglia v. KFC Corp.,* 692

F.Supp. 271, 275 (S.D.N.Y.1988), *aff'd,* 875 F.2d 308 (2d Cir.1989). The test for determining whether or not a defendant has been fraudulently joined has been summarized as follows:

> [a] joinder may be fraudulent and a sham if the allegations in the plaintiff['s] pleading with reference to the resident defendants are shown to be so clearly false and fictitious that no factual basis exists for an honest belief on the part of plaintiff that there is liability—in short that the joinder is without any reasonable basis in fact and is made without any purpose to prosecute the cause in good faith. . . .

*Metropolitan,* 780 F.Supp. at 889 (quoting *Quinn v. Post,* 262 F.Supp. 598, 603 (S.D.N.Y.1967)). *See Cabalceta v. Standard Fruit Co.,* 883 F.2d 1553, 1561 (11th Cir.1989) ("no possibility that the plaintiff can establish any cause of action against the resident defendant"). Thus, the "stringent test" for fraudulent joinder requires that if there is *any reasonable basis* for predicting that the controlling substantive law *might* grant the plaintiff the relief he seeks against the non-diverse defendant, the court will not disregard him as a nominal defendant and the case must be remanded. *Metropolitan,* 780 F.Supp. at 889 (citation omitted) (emphasis original).[3]

 The court's determinations should be made based upon plaintiff's pleadings at the time of removal. *Cabalceta,* 883 F.2d at 1561; *Hammond v. Terminal R.R. Ass'n,* 848 F.2d 95, 97 (7th Cir.1988) (citations omitted), *cert. denied,* 489 U.S. 1032, 109 S.Ct. 1170, 103 L.Ed.2d 229 (1989); *Collins v. Dartmouth Plan, Inc.,* 646 F.Supp. 244, 246 (D.Conn.1986) (Dorsey, J.). In addressing the issue of fraudulent joinder, the court must resolve all questions of fact and controlling law in favor of the plaintiff and can consider any submitted affidavits and/or deposition transcripts. *Coker,* 709 F.2d at 1440. If the court concludes that a defendant was fraudulently joined, it may disregard that defendant's citizenship in determining whether diversity jurisdiction exists. *Ca-*

---

**3.** "The burden on the defendant is high; its presentation must be one that compels the conclusion that the joinder is without right and made in

bad faith. . . ." *Lane,* 827 F.Supp. at 706 (citations and internal quotation marks omitted).

*balceta,* 883 F.2d at 1561; *Lane,* 827 F.Supp. at 706 (citations omitted); *Metropolitan,* 780 F.Supp. at 889 (citations omitted).

## IV. ANALYSIS

In the instant case, Wise contends that remand is appropriate because: (1) his proposed Amended Complaint clearly establishes his claims against Farr, and (2) "[g]ood and sufficient causes of action were alleged against ... Farr in the original [C]omplaint...." *See* Plaintiff's Memorandum of Law in Support of Motion to Remand, at 3. The court agrees with the latter contention.

### A. Fraudulent Misrepresentation

In Count two of the original Complaint, Wise alleges that Farr committed fraudulent misrepresentation during the merger/sale negotiations. In order to state a cause of action for fraudulent misrepresentation under Connecticut common law, a plaintiff must establish:

(1) that a representation as to a factual matter was made and the representation was false;

(2) that the representation was known to be false by the party making it;

(3) that the representation was made to induce the other party to act upon it to his detriment; and

(4) that the other party relied on the representation to his detriment.

*Bailey Employment System, Inc. v. Hahn,* 545 F.Supp. 62, 66–67 (D.Conn.1982) (Daly, J.) (citations omitted), *aff'd* 723 F.2d 895 (2d Cir.1983); *Maturo v. Gerard,* 494 A.2d 1199, 1201 (Conn.1985) (citations omitted). A promise to do an act in the future when coupled with a present intent not to fulfill it, is considered to be a false representation of fact. *See Flaherty v. Schettino,* 136 Conn. 222, 70 A.2d 151, 152–53 (1949) (citation omitted); *Mitchell v. Mitchell,* 31 Conn.App. 331, 625 A.2d 828, 831 (1993) (citation omitted); *Sabo v. Automated Light Technologies, Inc.,* No. 0110800, 1994 WL 271727 at *3 (Conn.Super. June 3, 1994) (citations omitted).

In Count two, Wise, maintains that Farr represented: (1) that "Lincoln Logs ... was ready willing and able to purchase the assets of NEHLI and consummate the [a]greement reached by the parties"; and (2) that Wise would "receive back any sums advanced to NELHI either directly or through future royalties." Complaint at ¶¶ 22(a) & (b). Wise further contends that in relying upon the representations he loaned $215,000.00 to NELHI and that he has lost that amount. *Id.* at ¶ 23. Finally, he maintains that Farr's representations were false and that Farr and Lincoln knew or should have know that the representations were false. *Id.* at ¶ 24.

Therefore, a thorough review of Wise's allegations and the relevant substantive law reveals that there is a reasonable basis for predicting that he might be successful on his fraudulent misrepresentation claim against Farr. *See Metropolitan,* 780 F.Supp. at 889 (citation omitted).

Defendants, however, argue that Wise cannot state a cause of action against Farr, because of the "general rule that an officer of a corporation is not personally liable for the actions taken on behalf of the corporate entity." Defendants' Memorandum in Opposition to Plaintiff's Motion to Remand ("Defendants' Brief"), at 4 (citation omitted). This argument is clearly misplaced.

It is well settled under Connecticut law that when an officer of a corporation makes fraudulent misrepresentations he is personally liable, regardless of whether or not he was acting in his corporate capacity. *Kilduff v. Adams, Inc.,* 219 Conn. 314, 593 A.2d 478, 488 (1991) (citations omitted); *Maturo,* 494 A.2d at 1202 (citation omitted); *Sabo,* 1994 WL 271727 at *2–3.[4] Moreover, in such instances, there is no need to allege facts sufficient to pierce the corporate veil in order to establish personal liability. *Kilduff,* 593 A.2d at 488.

Therefore, without speculating on Wise's chances of ultimately succeeding on his claim of fraudulent misrepresentation, the court cannot find that Defendants have demonstrated by clear and convincing evidence that

---

4. "It is black letter law that an officer of a corporation who commits a tort is personally liable to the victim regardless of whether the corporation is liable." *Kilduff,* 593 A.2d at 488.

Wise has no possibility of or reasonable basis for establishing a fraudulent misrepresentation claim against Farr. *See Calbaceto,* 883 F.2d at 1561 (emphasis added); *Coker,* 709 F.2d at 1440 (emphasis added); *Metropolitan,* 780 F.Supp. at 889 (citation omitted). Thus, Farr is a properly joined party, complete diversity does not exist, and this court does not have subject matter jurisdiction. *See* 28 U.S.C. §§ 1332 & 1441(b).

## B. Timeliness

■ Defendants also contend that Wise's motion should be denied as untimely, because it was not filed within thirty days of the filing of the notice of removal. Defendants' Brief, at 8–9. The court disagrees.

28 U.S.C. § 1447(c) states in relevant part:

[a] motion to remand the case on the basis of any defect in removal *procedure* must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

(emphasis added).

Section 1447(c) imposes a 30–day limit on the time a plaintiff has to move for remand after a case has been removed from a state court if the basis for the remand motion is a mere defect in the procedure used in the removal process. An example of such a defect would be where the case was removed too late under 28 U.S.C. § 1446(b). If the defect is not one of mere procedure, but goes to subject matter jurisdiction, such as in the case at bar, there is no time limit on the motion to remand. *Hamilton v. Aetna Life & Cas. Co.,* 5 F.3d 642, 643 (2d Cir.1993) (per curiam), *cert. denied,* — U.S. ——, 114 S.Ct. 1100, 127 L.Ed.2d 413 (1994).

Accordingly, the court finds that Wise's motion to remand is due to be granted. 28 U.S.C. § 1447(c).[5]

5. In the alternative, Defendants have moved for a hearing in order to develop a "record" on the fraudulent joinder issue. Defendants' Brief, at 9. Defendants' motion is hereby DENIED. *Coker,* 709 F.2d at 1440 (in addressing the issue of fraudulent joinder, the court must resolve all

## CONCLUSION

For the foregoing reasons, Wise's motion to remand is hereby GRANTED. Accordingly, this action is hereby REMANDED to the Connecticut Superior Court for the Judicial District of New Haven at New Haven. The Clerk of the Court is DIRECTED to take the necessary action to effect the remand.

So Ordered.

questions of fact and controlling law in favor of the plaintiff); *Metropolitan,* 780 F.Supp. at 887 (citations omitted) (same). *See Hamilton,* 5 F.3d at 644 ("[A]n order granting remand based ... on a lack of federal subject matter jurisdiction is not reviewable.").