Robert MORROW

v.

### NORFOLK & DEDHAM MUTUAL FIRE INSURANCE COMPANY.

No. 94–490–Appeal.

Supreme Court of Rhode Island.

June 29, 1995.

Thomas W. Kelly, Newport.

Kevin S. Cotter, James Souls, Providence.

### ORDER

This matter came before a panel of this court on June 27, 1995, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we conclude that cause has not been shown and that this matter should be summarily decided.

The defendant, Norfolk and Dedham Mutual Fire Insurance Company (Norfolk) appeals from a Superior Court trial justice's determination that the plaintiff, Robert Morrow (Robert), had standing to bring the instant case and from entering judgment against it. Norfolk insured a single-family house owned by Robert's father, John Morrow (John). In December 1991 Robert lived in the basement of John's house and was allegedly injured when he fell down the stairs. Robert made a claim for bodily injuries under the policy issued to John. This claim was denied by Norfolk on the basis

that Robert was considered a resident of John's household and he therefore had the status of an insured. Personal injury claims of an insured were excluded under the Norfolk policy issued to John. After his claim was denied, Robert filed a declaratory judgment action in the Superior Court for a determination of the policy provisions. Following a nonjury trial the trial justice determined that although Robert and John are related, they did not live together in the same household for the purposes of the policy. The trial justice therefore determined that the policy covered the injuries sustained by Robert.

At the outset, Norfolk argues that Robert lacks standing to bring this action directly against it. It contends that John, as the policy holder and named insured, is an indispensible party and must therefore be named in the declaratory judgment action. Norfolk also cites to G.L.1956 (1994 Reenactment) § 27–7–2 in support of its position. Section 27–7–2 provides in pertinent part that: "[a]n injured party * * * in his or her suit against an insured, shall not join the insurer as a defendant."

Although the statute cited by Norfolk prohibits naming an insurance company as a direct defendant in a tort liability action, there is nothing in the statute that precludes a declaration of rights between parties to an insurance contract. Consequently, we are of the opinion that the trial justice was correct when she determined that Robert possessed standing to bring this declaratory action.

Norfolk next argues that the trial justice erred in finding that Robert was not a member of John's household even though he was a resident of John's premises.

We have previously stated that the determination of residency is a mixed question of law and fact. *Aetna Life and Casualty Co. v. Carrera*, 577 A.2d 980, 985 (R.I.1990). The standard of review of the findings of a trial justice sitting without the intervention of a jury is extremely deferential. On appeal we do not disturb the findings of the trial justice unless he or she overlooked or misconceived material evidence or was otherwise clearly wrong. *Cerilli v. Newport Offshore, Ltd.*, 612 A.2d 35 (R.I.1992).

In the instant case we are of the opinion that the trial justice did not misconceive material evidence nor was she otherwise clearly wrong. The evidence presented below demonstrated that Robert lived independently from John and was not a resident of John's household in December 1991. Robert occupied a basement apartment in his father's house. He did not eat meals with John nor did he usually tell John when or where he was going. Robert did his own cooking and cleaning and paid John fifty dollars a week in rent. All of these facts support the trial justice's conclusion that Robert was not a member of John's household. *See Watt v. Mittelstadt*, 690 S.W.2d 807 (Mo.App.1985) (defining the term "household").

For the foregoing reasons Norfolk's appeal is denied and dismissed and the judgment appealed from is affirmed. The papers of the case are remanded to the Superior Court.

SHEA and LEDERBERG, JJ., did not participate.