DECISION
Defendants Legion Insurance Company and Psychiatrists Risk Retention Group (insurers) have filed a motion pursuant to Super. R. Civ. P. 12 (b)(6) to dismiss plaintiff's action against the insurers in the second amended complaint. The plaintiff contends that despite its nomenclature, the motion effectively seeks dismissal of only Count 10, in which plaintiff seeks a declaratory ruling regarding the contractual rights of the parties to the insurance contract issued to defendant Carol Martin, M.D. by the insurers. The plaintiff is seeking a declaration that the insurance policy provides indemnity coverage for the claims of the plaintiff. The plaintiff objects to the insurer defendants' motion to dismiss.
Facts and Travel
In July of 1988, plaintiff became a patient of the defendant. The plaintiff alleges that in 1991 a sexual relationship began between her and the doctor defendant with whom she intermittently cohabited and which continued until February of 1994. In May of 1994, the plaintiff made an unsuccessful demand of the defendant for monetary damages resulting from that relationship. The plaintiff thereafter filed a multi-count psychiatric malpractice action against defendant for malpractice, breach of fiduciary duty, reckless and negligent infliction of emotional distress, breach of contract, money had and received, invasion of privacy, relief under the Unfair Trade Practice and Consumer Act, and fraud. Multiple trial delays and failed settlement negotiations followed. In April of 1996, defendant insurers provided independent counsel for the defendant in the state action and sought a declaratory judgment in federal court under 28 U.S.C. § 2201
to determine whether the subject insurance contract provided for indemnification of the defendant. The federal declaratory judgment action was subsequently stayed. On February 4, 1997, plaintiff moved to file a second amended complaint in state court to join the insurers as defendants in this action and requested a declaratory judgment under G.L. 1956 § 9-30-1
 "to determine and adjudicate the rights and liabilities of the parties under Legion's and PRRG's policy of insurance and find that the policy of insurance issued by Legion and PRRG provides indemnity coverage for the claims of plaintiff and therefore defendants Legion and PRRG have a duty to indemnify defendant Martin against plaintiffs claims; . . . ." (plaintiffs Exhibit C).
In the fall of 1996, defendant insurers motioned to intervene for the limited purpose of submitting interrogatories to the jury regarding the coverage issue. The motion was denied. The state Court granted plaintiffs motion to amend her complaint, and the federal court ordered a continuance of its stay of federal proceedings.
The defendant insurers now move to dismiss the amended complaint on the grounds that G.L. 1956 § 27-7-2 prohibits the plaintiff from joining the defendant insured's insurers as defendants in her action against the insured. Defendant insurers contend that the federal court is the appropriate forum for deciding the coverage issues. The plaintiff objects to this motion on the grounds that she has not named the defendant insurers as direct defendants in the tort action but rather in her declaratory judgment action, that plaintiff possesses standing to bring this declaratory judgment action, and that state court is the appropriate forum for determining the subject coverage issue.
Standing for Declaratory Judgment Action
The defendant insurers argue that the plaintiff is prohibited from joining the insurers as defendants in a tort action against an insured. The defendant insurers also argue that the plaintiff does not have standing to bring a declaratory judgment action against the defendant insurers. The plaintiff responds that declaratory judgment actions are allowed against insurers. The plaintiff also argues that the court should exercise its discretion to issue declaratory relief in the interest of efficient allocation of judicial resources.
Section 27-7-2, entitled "Remedies of Injured Party Against Insurer," in pertinent part provides that "An injured party . . . in his or her suit against the insured, shall not join the insurer as a defendant." Relying on Morrow v. Norfolk DedhamMutual Fire Insurance Co., 661 A.2d 967 (R.I. 1995), plaintiff construes § 27-7-2 to exempt declaratory judgments from its purview on the ground that the declaratory judgment is distinguishable from a tort liability action. However, a close reading of Morrow reveals that the Rhode Island Supreme Court further qualified the declaration of rights to mean those rights "between parties to an insurance contract." Id. at 968. InMorrow, plaintiff son of the insured brought a claim directly against his insured father's insurer for injuries the son had sustained during a fall on the covered premises. The insurance company denied the claim on the ground that plaintiff was not a third party but an actual insured who thus was precluded from recovery under the terms of the policy. The insurance company was a party to a contract under which an actual claim had been made by plaintiff whom the company alleged was an actual insured party. Accordingly, the insurance company was a proper party defendant in the declaratory judgment action, and plaintiff possessed the requisite standing to bring said action. In the instant case, the plaintiff is not an alleged party to the insurance contract and, thus, the principle set out in Morrow
does not apply.
This issue of party status with respect to an insurance contract has been clarified in case law. Earlier in Employers'Fire Ins. Co. v. Beals, 240 A.2d 397, 103 R.I. 623 (1968), an insurer sought a declaration that an insured's son's intentional act precluded coverage under the policy. Although denying the declaratory judgment action because it involved an issue inseparable from the principal tort suit between the insurer and the insured, the Court, in discussing the utility of declaratory judgments in insurance cases, noted that "when uncertainty exists as to the precise obligations and rights flowing between aninsurer and an insured by reason of a contract of insurance, a declaratory action could well provide the much needed source of enlightenment and clarification. . . ." Id. at 401 (Emphasis added.) In St. Paul Fire Marine v. Med. Protective Co.,675 S.W.2d 665, 667 (Mo. App. 1984), the Court found that one of the insured's insurers who requested a declaration of rights regarding a contract issued to the insured by another insurance company, and in which the insurer was not a party to the suit, lacked standing. The Court held that one who is not a party and has no right to enforce a contract lacks standing to seek a declaration of rights under that contract.
In the instant action, the request for a declaration of rights under an insurance policy does not concern a question of construction or validity of the insurance contract. Rather, the doubt that exists concerns the extent of the liability of the defendant/insured in the malpractice action and whether the findings of fact preclude indemnity under the insurance contract. In a similar case, a plaintiff victim brought a declaratory judgment action against her insured defendant's insurers regarding whether the insurance contract required the insurer to indemnify the defendant up to a particular policy limit if he were found negligent. Farmer's Ins. Exchange v. District Court,862 P.2d 944 (Colo. 1993). The Court, noting its conformity with other states which had considered this issue, held that the plaintiff lacked standing to bring a declaratory judgment action prior to judgment, as she did not yet possess a legally protected right or cognizable interest at stake until she established defendant's liability. In this context of an injured third party who seeks declaratory relief, a cause of action against the insurance company does not mature until a judgment has been obtained against the insured. 6A Moore's Federal Practice
¶ 57.19 at 204 (2 ed. 1994). "To have standing to bring a declaratory judgment action, a plaintiff must assert a legal basis on which a claim for relief can be grounded. The plaintiff must allege an injury in fact to a legally protected or cognizable interest." Farmers Ins. Exchange, 862 P.2d at 947. Similarly under Rhode Island law, a party must have "suffered an injury in fact" in order to have standing. Shawmut Bank of RhodeIsland v. Costello, 643 A.2d 194, 196 (R.I. 1994). A court "should refuse to answer speculative inquiries." Farmers Ins.Exchange, 862 P.2d at 948. Because the plaintiff has not yet obtained judgment on the underlying tort claim, the plaintiff does not yet have a cognizable interest at stake under the insurance policies. Therefore, the plaintiff does not have standing to bring a declaratory judgment action against the defendant insurers.
The plaintiff at bar is unlike the petitioner insurance company, which was not a party in the legal tort action, but asked for a declaration of its rights with respect to its insurance contract with the defendant insured tortfeasor prior to judgment in The Travelers Insurance Co. v. Nastari,177 A.2d 778, 94 R.I. 55 (1962). The plaintiff is also distinguishable from the "indirect participant" insurer which sought a declaration of rights with respect to indemnification of any of its insured defendants in an underlying tort litigation. AetnaCas. Sur. Co. v. Kelly, 889 F. Supp. 553 (D. R.I. 1995). The instant plaintiff, not an insured under a contract with defendants' insurers and not having obtained "judgment," brings this petition for a declaration of rights. Furthermore, in addition to the privity and controversy requirements, policy considerations further militate against "permitting" declaratory judgment actions in the aforesaid context. In Batteast v.Argonaut Ins. Co., 454 N.E.2d 706, 708 (Ill. App. 1 Dist. 1983), the court recognized that were such actions allowed, "there is no reason why every tort claimant would not, upon filing a personal injury action, concomitantly file a declaratory judgment action to determine the maximum amount of coverage to which he would be entitled in the event that liability was subsequently established."
The plaintiff also argues that this Court should exercise its discretion in rendering declaratory relief in the state action in light of the federal court's stay of the insurers' federal declaratory action. In arguing that this Court, in considering factors including the availability of an inappropriate alternate remedy, efficient allocation of judicial resources, duplication and piecemeal litigation, should grant the requested declaratory relief, plaintiff relies on cases involving an insurer petitioner who possessed standing to bring said actions. As indicated previously, third party tort claimants unlike insurers or insureds, may not bring declaratory judgment actions against defendant insurers prior to judgment on the underlying tort claim. Farmer's Ins. Exchange, 862 P.2d at 948.
This court grants the defendant insurers' motion to dismiss the plaintiffs second amended complaint against the defendant insurers as the insurers were improperly joined as defendants in violation of § 27-7-2, and the plaintiff may not maintain a declaratory judgment action against the insurers at this time. A decision to grant declaratory relief is discretionary. Lombardiv. Goodyear Loan Co., 549 A.2d 1025, 1026 (R.I. 1988). As this Court declines to grant declaratory relief on the ground that plaintiff lacks standing to bring this declaratory action, this Court in its discretion declines to exercise its jurisdiction to entertain the action. See Continental Cas. Co. v. RobasaIndustries, 947 F.2d 1367 (9th Cir. 1991); Berberian v.Travisono, 322 A.2d 121, 114 R.I. 269 (1975).
For the reasons herein set out, this Court grants the defendant insurers' motion to dismiss plaintiff's action against the defendant insurers in the second complaint without prejudice.